# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

NEXUS PHARMACEUTICALS, INC.,

    Plaintiff,

v.

EXELA PHARMA SCIENCES, LLC,

    Defendant.

Civil Action No. 22-1233-GBW

---

Kelly E. Farnan, Christine D. Haynes, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Imron T. Aly, Kevin Nelson, Matthew T. Wilkerson, Julie A. Vernon, ARENTFOX SCHIFF LLP, Chicago, IL; Ahmed M.T. Riaz, Max Heckendorn, ARENTFOX SCHIFF LLP, New York, NY.

*Counsel for Plaintiff*

Robert M. Oakes, Douglas E. McCann, Gregory R. Booker, FISH & RICHARDSON P.C., Wilmington, DE; Deanna J. Reichel, Sarah E. Jack, Madison Murhammer Colon, FISH & RICHARDSON P.C., Minneapolis, MN; Corrin N. Drakulich, Christina D. Brown-Marshall, Dexter S. Whitley, Charles N. Reese, FISH & RICHARDSON P.C., Atlanta, GA; Caroline G. Koonce, FISH & RICHARDSON P.C., Washington, DC; Satish Chintapalli, CHINTAPALLI LAW FIRM PLLC, Cary, NC.

*Counsel for Defendant*

**MEMORANDUM OPINION**

July 7, 2025
Wilmington, Delaware

                                                                                                       GREGORY B. WILLIAMS
                                                                                              UNITED STATES DISTRICT JUDGE

The following motions and requests from the parties[1] are pending before the Court and are the subject of this Memorandum Opinion:

1. Exela's Motion for Summary Judgment #1: The Asserted Claims Are Invalid for Lacking Written Description Support ("Exela's First Motion for Summary Judgment") (D.I. 196), which has been fully briefed (D.I. 201; D.I. 237; D.I. 252);

2. Exela's Motion for Summary Judgment #2: Non-Infringement of the Asserted Claims of the '369 Patent ("Exela's Second Motion for Summary Judgment") (D.I. 197), which has been fully briefed (D.I. 201; D.I. 237; D.I. 252);

3. Exela's Motion for Summary Judgment #3: No Lost Profits and No Price Erosion Damages ("Exela's Third Motion for Summary Judgment") (D.I. 198) (together with the Exela's First and Second Motions for Summary Judgment, "Exela's Motions for Summary Judgment"), which has been fully briefed (D.I. 201; D.I. 237; D.I. 252);

4. Exela's Request for Oral Argument (D.I. 262), which includes, but is not limited to, requests for oral argument on Exela's Motions for Summary Judgment; and

5. Exela's request, in letter format, for the Court to set a case narrowing schedule (D.I. 277) ("Exela's Request for Case Narrowing"), to which Nexus has responded (D.I. 278).

For the following reasons, the Court denies Exela's Motions for Summary Judgment (D.I. 196, D.I. 197, and D.I. 198), denies-as-moot Exela's Request for Oral Argument as it pertains to

---

[1] The Plaintiff is Nexus Pharmaceuticals, Inc. ("Nexus" or "Plaintiff"). The Defendant is Exela Pharma Sciences, LLC ("Exela" or "Defendant").

Exela's Motions for Summary Judgment (D.I. 262), and denies Exela's Request for Case Narrowing (D.I. 277).

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* at 308 (quoting *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016)).

## II. DISCUSSION

The Court divides its Discussion into the following Sections: (A) The Court Denies Exela's First Motion for Summary Judgment; (B) The Court Denies Exela's Second and Third Motions for Summary Judgment; and (C) The Court Denies Exela's Request for Case Narrowing.

### A. The Court Denies Exela's First Motion for Summary Judgment

The asserted claims recite a chemical formulation, with certain stability characteristics, in glass and plastic containers. *See* D.I. 201 at 1. The asserted patents have a shared specification, which discloses testing results that corroborate the recited stability characteristics in glass, but not plastic, containers. *See* D.I. 201 at 5-8. Nexus' expert opines, in a context other than written description, that the only way to confirm whether the formulation's stability is affected by the container is to perform a stability study in that container. *See* D.I. 201 at 2. Since the shared specification does not disclose any stability studies in plastic containers, Exela challenges whether a person of ordinary skill in the art would understand that the inventor had possession of the full

3

scope of the asserted claims. *See* D.I. 201 at 1. In other words, Exela contends that the shared specification of the asserted patents lacks written description. *See* D.I. 201 at 1.

Conversely, Nexus flags that Exela's experts opine that "the claimed stability features are the inherent result of the formulation alone." *See* D.I. 237 at 20. While Nexus disputes this point, Nexus nonetheless contends that it constitutes a "disputed question of fact" that precludes summary judgment. D.I. 237 at 20.

Here, if the claimed stability features are an inherent result of the formulation alone, Nexus's testing of the formulation in glass containers would appear to reasonably extend to the same formulation in plastic containers, tending to support adequate written description. Since the parties genuinely dispute whether the claimed stability features are an inherent result of the formulation alone and, since that factual dispute is material to the written description question before the Court, the Court denies Exela's First Motion for Summary Judgment.[2] *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

**B.     The Court Denies Exela's Second and Third Motions for Summary Judgment**

Since the Court denies Exela's First Motion for Summary Judgment, the Court denies Exela's Second and Third Motions for Summary Judgment pursuant to the Court's summary judgment ranking procedures.[3] Since the Court denies each of Exela's Motions for Summary

---

[2] The Court does not consider the remaining arguments advanced by the parties.

[3] Exela's First Motion for Summary Judgment is actually two motions for summary judgment and, thus, the Court only considers the first issue presented in Exela's First Motion for Summary Judgment and denies the second issue pursuant to the Court's summary judgment ranking procedures.

4

Judgment, the Court denies-as-moot Exela's request for oral argument (D.I. 262) on each of these motions.

### C. The Court Denies Exela's Request for Case Narrowing Without Prejudice

Exela complains that Nexus "has not made any meaningful attempts to narrow its number of asserted claims" and "requests that the Court set a case narrowing schedule in advance of trial." D.I. 277 at 1. "Nexus is not opposed to claim narrowing but opposes the timing of claim narrowing before a summary judgment ruling" since, according to Nexus, "Exela's pending summary judgment motions could affect none, some, or all of Nexus's claims in ways that Nexus cannot predict, so it would not be fair or prudent to narrow them" before a summary judgment ruling. D.I. 278 at 1. Nexus further contends that "Exela is not prejudiced by narrowing its obviousness defenses at this stage because they are not the subject of any summary judgment motion." D.I. 278 at 2.

Since the Court, with this Memorandum Opinion, is ruling on Exela's Motions for Summary Judgment, Nexus' concern (about the potential of the Court ordering claim narrowing before ruling on Exela's motions for summary judgment) is moot. Since this concern appears to be the primary obstacle in the parties' attempt to reach agreement on how to narrow the claims and defenses in this action, the Court denies Exela's Request for Case Narrowing without prejudice.

In the Order that accompanies this Memorandum Opinion, the Court will instruct the parties to meet and confer by no later than July 14, 2025, and attempt to reach an agreement on how and when to narrow the claims and defenses in this action. The Court reminds the parties that the five (5) day jury trial will be timed and each party will have an allocated amount of time to present their respective cases. As such, the Court strongly encourages the parties to reach agreement on narrowing the claims and defenses in this action given that the Court has now ruled on Exela's motions for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court denies the following: Exela's Motion for Summary Judgment #1: The Asserted Claims Are Invalid for Lacking Written Description Support (D.I. 196); Exela's Motion for Summary Judgment #2: Non-Infringement of the Asserted Claims of the '369 Patent (D.I. 197); and Exela's Motion for Summary Judgment #3: No Lost Profits and No Price Erosion Damages (D.I. 198). The Court also denies-as-moot Exela's Request for Oral Argument (D.I. 262) as it pertains to Exela's Motions for Summary Judgment. In addition, the Court denies Exela's request for the Court to set a case narrowing schedule (D.I. 277) without prejudice.

In the accompanying Order, the Court is instructing the parties to meet and confer by no later than July 14, 2025, and attempt to reach agreement on how and when to narrow the claims and defenses in this action. The Court strongly encourages the parties to reach agreement on narrowing the claims and defenses in this action and to actually complete the narrowing of the claims and defenses in this action by no later than thirty (30) days prior to the pretrial conference.

The Court intends to rule on the remaining motions pending before the Court before the pretrial conference, which is scheduled for August 20, 2025, at 3:00 pm.