IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EXELA PHARMA SCIENCES, LLC,<br><br>Defendant. | Civil Action No. 22-1233-GBW |

### MEMORANDUM ORDER

Pending before the Court is a letter from Plaintiff Nexus Pharmaceuticals, Inc. ("Nexus" or "Plaintiff") proposing that the Court make several orders in connection with case narrowing ("Nexus' Letter") (D.I. 296) and an answering letter from Defendant Exela Pharma Sciences, LLC ("Exela" or "Defendant") that includes counter-proposals ("Exela's Letter") (D.I. 298). For the reasons discussed below, the Court grants some and denies some of the proposals in Nexus' Letter (D.I. 296) and, likewise, grants some and denies some of the counter-proposals in Exela's Letter (D.I. 298).

I.  DISCUSSION

The Court addresses the parties' proposals and counter-proposals in turn. *First*, Nexus proposes "that, within five calendar days of Nexus narrowing to seven asserted claims, Exela must be required to narrow its obviousness defense to two obviousness combinations per asserted claim, with up to seven total prior art references across all claims." D.I. 296 at 3. Given that Nexus proposes to narrow to seven asserted claims, Nexus' proposal would allow for 14 obviousness combinations. Nexus represents that Exela requests "four" obviousness combinations "per claim," resulting in "28 combinations." D.I. 296 at 1. However, Exela actually proposes, at least in its

Letter, that the Court order Exela to narrow "to 4 obvious combinations per claim (no more than 8 obviousness combinations total) and 10 prior art references." D.I. 298-8; D.I. 298 at 3. Exela agrees that Nexus should narrow to seven asserted claims and that Exela should narrow "[w]ithin five (5) calendar days of Nexus narrowing to 7 asserted claims." D.I. 298-8.

Consistent with prior practice, the Court adopts Exela's proposal and will order Exela to narrow to 4 obvious combinations per claim (no more than 8 obviousness combinations total) and 10 prior art references within five days of Nexus' narrowing to seven asserted claims. *See Twinstrand Bioscis., Inc. v. Guardant Health*, No. 21-1126-GBW-SRF, D.I. 137 at 2 (D. Del. Oct. 18, 2022) (ordering the parties to narrow, by the pretrial disclosure deadline (i.e., the last of the narrowing deadlines in that case), to "[n]o more than 10 claims," "[n]o more than 10 prior art references," and "[n]o more than 20 prior art arguments").

*Second*, "Nexus requests the Court to order Exela to identify every individual document that it expects to use in an obviousness combination." D.I. 296 at 2. "Exela . . . agreed during the Parties' meet and confer to again identify the documents it will use to prove the characteristics of each Product Reference." D.I. 298 at 3. As such, the Court will order that Exela identify every individual document that Exela expects to use in an obviousness combination within five (5) days of Nexus' narrowing to seven asserted claims

*Third*, "Nexus proposes that each separate document counts as a reference." D.I. 296 at 3. Exela contends that such an order would "amount to a *sub silentio* grant of summary judgment to Nexus on many of Exela's obviousness theories stemming from prior art products." D.I. 298 at 1. Therefore, Exela proposes that the Court define a "prior art reference" as "a document (e.g., a patent or printed publication) or a prior art instrumentality (such as a product, system, or process)." D.I. 298 at 2.

2

"If a device was in public use or on sale before the critical date, then that device becomes a reference under section 103 against the claimed invention." *TorPharm, Inc. v. Ranbaxy Pharms., Inc.*, 336 F.3d 1322, 1327 (Fed. Cir. 2003) (quoting *Baker Oil Tools, Inc. v. Geo Vann, Inc.*, 828 F.2d 1558, 1563 (Fed. Cir. 1987)). It follows that [m]ultiple documents that describe a single prior art device count as a single prior art reference." *See Altera Corp. v. PACT XPP Techs.*, AG, No. 14-02868, 2015 WL 3830982, at *3 (N.D. Cal. June 19, 2015). "In this situation, it is the device that is the asserted prior art; the documents are merely evidence to describe it." *Id.*

Since the law permits multiple documents to describe a single reference, the Court adopts Exela's proposal and defines, for the limited purpose of this action, a "prior art reference" as "a document (e.g., a patent or printed publication) or a prior art instrumentality (such as a product, system, or process)."

## II. CONCLUSION

For the foregoing reasons, the Court grants some and denies some of the requests in Nexus' Letter (D.I. 296) and, likewise, grants some and denies some of the requests in Exela's Letter (D.I. 298).

\* \* \*

WHEREFORE, at Wilmington this 1st day of August 2025, **IT IS HEREBY ORDERED** that:

1. Nexus narrows to seven (7) asserted claims within one (1) day of the entry of this Memorandum Order;

3

2. Exela narrows to four (4) obvious combinations per claim, no more than eight (8) obviousness combinations total, and no more than a total of 10 prior art references, within five (5) days of Nexus' narrowing to seven (7) asserted claims;

3. Exela identifies every individual document that Exela expects to use in an obviousness combination within five (5) days of Nexus' narrowing to seven (7) asserted claims;

4. For the purpose of this action, a prior art reference is a document (e.g., a patent or printed publication) or a prior art instrumentality (such as a product, system, or process); and

5. The parties, by no later than three (3) days of the entry of this Memorandum Order, shall meet and confer on whether the claims that Nexus is no longer asserting are dismissed with or without prejudice and, by no later than seven (7) days of the entry of this Memorandum Order, file a letter, not to exceed four (4) pages, either describing the parties' agreement on this inquiry or setting forth the parties' competing proposals with supporting legal authority.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE