IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXUS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EXELA PHARMA SCIENCES, LLC, <br><br> Defendant. | Civil Action No. 22-1233-GBW |

## MEMORANDUM ORDER

Pending before the Court is the dispute set forth in the parties' joint letter concerning their respective positions and arguments on whether claims that Plaintiff Nexus Pharmaceuticals Inc. ("Nexus") dismissed prior to trial are dismissed with prejudice or without prejudice (D.I. 365).[1]

### I.  FACTUAL BACKGROUND

In this patent infringement action, Nexus originally asserted 34 claims, which encompassed every single claim of the three asserted patents – U.S. Patent No. 11,426,369 ("the '369 patent"), U.S. Patent No. 11,464,752 ("the '752 patent"), and U.S. Patent No. 11,571,398 ("the '398 patent"). *See* D.I. 277. Trial in this action was scheduled to begin on August 25, 2025. Of course, both parties understood it was not realistic for Nexus to try 34 claims to the jury and the parties likely would need to narrow their asserted claims and asserted defenses prior to trial as is typical in patent infringement cases.

Prior to the Court's involvement in the claim narrowing process, Nexus and Defendant Exela Pharma Sciences, LLC ("Exela") were discussing narrowing the asserted claims and

---

[1] The Court will address the parties' other post-trial motions after they are fully briefed.

asserted defenses in this action on their own accord. See D.I. 277; D.I. 278; D.I. 296; D.I. 298, at 1 ("For the past three months, Exela has attempted to work with Nexus to narrow this case for trial."). On June 9, 2025, as part of a discovery dispute, Exela requested the Court to enter an Order requiring a narrowing of asserted claims and asserted defenses in advance of trial and before rulings on pending summary judgment motions. D.I. 274. In its response to Exela's letter motion, Nexus specifically replied that "Nexus is not opposed to claim narrowing but opposes the timing of claim narrowing before a summary judgment ruling, because Exela's pending summary judgment motions could affect none, some, or all of Nexus's claims in ways that Nexus cannot predict, so it would not be fair or prudent to narrow them now. **Nexus proposes two-way narrowing promptly after summary judgment** . . ." D.I. 278, at 1 (emphasis added). By Order entered on July 7, 2025, the Court entered its rulings on Exela's pending motions for summary judgment and denied Exela's request for the Court to enter a case narrowing schedule. D.I. 285. However, the Court encouraged the parties to reach agreement on narrowing the claims and defenses and to actually complete the narrowing of the claims and defenses in this action by no later than thirty (30) days prior to the pretrial conference. D.I. 285, at ¶ 6.

A few weeks later, on July 25, 2025, Nexus advised that it was prepared to agree that it would narrow the asserted claims to seven (7) asserted claims across the asserted patents. *See* D.I. 296 ("Nexus stands ready to narrow its asserted claims. Nexus proposed that it will narrow to seven claims across its three asserted patents, and Exela has no problem with that proposal."). The remaining dispute between the parties involved Exela narrowing the asserted defenses, and the focus of the dispute was on Exela narrowing the number of prior art references and obviousness combinations. *See* D.I. 296 and D.I. 298. The parties asked the Court to consider their respective proposals and to rule on the issue. *See id.*

2

On August 1, 2025, the Court entered a Memorandum Order ordering Nexus to narrow to seven (7) asserted claims and Exela to narrow to four (4) obvious combinations per claim, no more than eight (8) obvious combinations total, and no more than a total of 10 prior art references, within five (5) days of Nexus' narrowing to seven (7) asserted claims. D.I. 300. Thereafter, Nexus narrowed its asserted claims to claims 2, 6, 9 of the '369 patent, claims 3, 7, 10 of the '752 patent, and claim 1 of the '398 patent. D.I. 321 ¶ 10. Two days prior to trial, Nexus, on its own accord, dismissed claim 2 of the '369 patent and claims 3 and 10 of the '752 patent. D.I. 365 at 2-3.

At the end of the trial, the jury having deliberated on Nexus' claims of patent infringement of claims 6 and 9 of the '369 patent, claim 1 of the '398 patent, and claim 7 of the '752 patent reached a verdict in favor of Exela and against Nexus on claims 6 and 9 of the '369 patent, claim 1 of the '398 patent, and claim 7 of the '752 patent. D.I. 342.[2] Accordingly, the Court entered judgment in favor of Exela. D.I. 358.

The parties are now divided on whether the claims that Nexus dismissed prior to trial are dismissed with prejudice or without prejudice. D.I. 365. For the reasons set forth below, the Court finds that the claims that Nexus dismissed prior to trial are dismissed with prejudice.

## II.    LEGAL STANDARD

Courts in this district are divided as to whether Court-ordered claim narrowing should result in dismissal with prejudice or without prejudice. *Compare Exeltis USA, Inc. v. Lupin Ltd.*, No. CV 22-434-RGA, 2024 WL 4605624, at *1 (D. Del. Oct. 29, 2024) (claims dropped with prejudice); *Bial-Portela & Ca. S.A. v. Alkem Lab'ys Ltd.*, No. CV 18-304-CFC-CJB, 2022 WL

---

[2] Specifically, the jury found in favor of Exela and against Nexus that the method of making and administering Exela's accused AKOVAZ PFS product does not infringe claims 6 and 9 of the '369 patent and claim 1 of the '398 patent, and that claim 7 of the '752 patent is invalid as obvious.

3

13944612, at *2 (D. Del. Oct. 24, 2022) (claims dropped with prejudice), with *Ferring Pharms. Inc. v. Fresenius Kabi USA, LLC*, 645 F. Supp. 3d 335, 393 (D. Del. 2022) (claims dropped without prejudice).

Some courts have deemed this form of claim dismissal as "essentially a voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure." *Ferring*, 645 F. Supp. 3d at 393; *see* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "This Rule gives district courts 'broad . . . discretion to shape the proper terms of dismissal.'" *McGoveran v. Amazon Web Servs., Inc.*, No. 1:20-CV-01399-SB, 2024 WL 4533598, at *5 (D. Del. Oct. 18, 2024) (quoting *Polansky v. Exec. Health Res. Inc*, 17 F.4th 376, 393 (3d Cir. 2021)).

Other courts have treated this form of claim dismissal as amendment of the pleadings under Rule 15. *Bio-Rad Laboratories, Inc. et al v. 10X Genomics Inc.*, C.A. No. 1:15-CV-00152-RGA (D. Del July 9, 2019), D.I. 561; *see also Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (discussing the distinction between Rule 41(a), which applies to an "action" and Rule 41(b), which references "claims" and "actions"); *Shure Inc. v. ClearOne, Inc.*, No. CV 19-1343-RGA, 2022 WL 1718950, at *1 (D. Del. May 27, 2022) (referring to Rule 15 as an "alternative" to Rule 41 in this context). Under Rule 15, courts have "extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed." *Shure*, 2022 WL 1718950, at *1 (quoting Wright & Miller, Federal Practice & Procedure Civil 3d, § 1486 (2010)).

## III. DISCUSSION

Nexus contends the claims that it dismissed prior to trial and the counterclaims that Exela dismissed prior to trial should be considered dismissed without prejudice. D.I. 365 at 1-2. Exela

4

disagrees with Nexus and contends that such dismissals should be considered with prejudice. D.I. 365 at 2-4. Nexus relies on *Ferring* for the proposition that dismissal with prejudice under these circumstances would be unfair. D.I. 365 at 1-2. In *Ferring*, the court declined to dismiss with prejudice claims narrowed pursuant to a court order, noting that it was "skeptical" that dismissal without prejudice would cause any potential prejudice or risk of subsequent litigation. *Ferring*, 645 F. Supp. 3d at 394. However, Nexus' briefing in support of its request for dismissal without prejudice directly dispels any skepticism that led Judge Noreika to find the dismissal without prejudice in *Ferring*, as Nexus contends that "the jury's mixed verdict *is informative for what other claims may be strong to bring*" and, also, "[i]f there were a second trial, it would be with the benefit of the present record, and not starting from scratch." D.I. 365 at 2 (emphasis added).

Also, the facts in *Exeltis* are nearly identical to the facts in the instant action and this Court agrees with Judge Andrews' reasoning in *Exeltis*. In *Exeltis*, the parties could not reach agreement on the timing of pretrial claim narrowing. *See Exeltis* at *1. Similar to the instant action, the *Exeltis* court resolved the parties' dispute and entered a claim narrowing schedule which the parties followed. *Id.* Thereafter, Plaintiffs strategically dismissed an additional claim on the eve of trial, which all parties agreed was dismissed with prejudice. *Id.* at *2. Following trial, the parties disputed whether seven patents dismissed by Plaintiffs in response to the case narrowing order should be dismissed with prejudice or without prejudice. *Id.* at *1. As in the instant action, Plaintiffs in *Exeltis* framed their argument in favor of dismissal without prejudice as being based on "fundamental fairness." *Id.* Judge Andrews disagreed with Plaintiffs about what fundamental fairness requires. *Id.*

Specifically, Judge Andrews explained as follows:

> Plaintiffs treat the court-ordered case narrowing as being unfair because it required them to give up claims. But it was even-handed; it required that Defendants give

5

> up invalidity defenses. Plaintiffs say that they ought to be able to bring more lawsuits based on the claims that they dropped. If the verdict is affirmed on appeal, should Defendants be able to resurrect the defenses that they dropped at roughly the same time that Plaintiffs were dropping claims? I am quite sure Plaintiffs would oppose that. Yet, why should it be, if Plaintiffs lose, do it again (and again, if necessary); if Defendants lose, it's over?

*Id.* In other words, trial should function to provide certainty to the parties with respect to disputed claims and issues, not a testing ground for considered but dropped claims during the course of litigation. *Id.* at *2 ("But likelihood and certainty are not the same thing. I'd prefer certainty.").

Similarly, in deciding a similar dispute in *Bial-Portela* and concluding that claims dismissed by Plaintiffs as part of claim narrowing prior to trial were dismissed with prejudice, Chief Judge Connolly noted as follows:

> [P]laintiffs routinely assert at the outset significantly more patent claims than they ever could realistically assert at trial. As trial approaches, plaintiffs reduce their asserted claims to a manageable number and defendants reduce their invalidity defenses. The finite resources of this Court and the parties make this narrowing process necessary. If I were to dismiss [plaintiff's] withdrawn claims as moot and without prejudice, then [plaintiff] (and any future plaintiff0 would receive a green light to engage in "essentially endless litigation," . . . and this Court, with its overwhelming docket of patent cases, would grind to a halt.

*Bial-Portela*, 2022 WL 13944612, at *2 (quoting *Bio-Rad Lab'ys*, D.I. 561, at 2).

This Court agrees with Exela's position in the instant action and the reasoning and findings of Judge Andrews in *Exeltis* and Chief Judge Connolly in *Bial-Portela*. Thus, this Court disagrees with Nexus and finds that the case narrowing process in the instant action was even-handed and fair since it required Nexus to narrow its asserted claims and required Exela to narrow its asserted defenses. The fact that Nexus was unsuccessful at trial should not allow Nexus to get a second bite at the apple by now asserting those claims that it dismissed prior to trial. That would undermine the certainty of the trial process and lead to endless litigation. Thus, the Court

6

concludes that the claims that Nexus dismissed prior to trial and the defenses and counterclaims that Exlea dismissed prior to trial were dismissed with prejudice.

Next, as a compromise position, Nexus proposes dismissing all claims without prejudice, "except for claim 2 of the '369 patent and claims 3 and 10 of the '752 patent," which would be dismissed with prejudice. *Id.* at 2. For the same reasons set forth above, the Court rejects the compromise position by Nexus and concludes that the claims that Nexus dismissed prior to trial were dismissed with prejudice. Likewise, the defenses and counterclaims dismissed by Exela prior to trial were dismissed with prejudice.

## IV.    CONCLUSION

For all the reasons set forth above, the Court finds that the claims that Nexus dismissed prior to trial as part of the claims narrowing process were dismissed with prejudice. Likewise, the defenses and counterclaims dismissed by Exela prior to trial were dismissed with prejudice.

\*    \*    \*

**WHEREFORE**, at Wilmington this 21st day of October 2025, IT IS HEREBY ORDERED that the claims that Nexus dismissed prior to trial as part of the claims narrowing process were dismissed with prejudice. IT IS ALSO HEREBY ORDERED that the defenses and counterclaims dismissed by Exela prior to trial were dismissed with prejudice.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE